UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENCORE FINANCE (BERMUDA) LTD., <br><br> Petitioner, <br><br> v. <br><br> THE PLURINATIONAL STATE OF BOLIVIA, <br><br> Respondent. | Civil Action No. _____ |

## DECLARATION OF THOMAS W. WALSH

I, Thomas W. Walsh, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner with the law firm Freshfields Bruckhaus Deringer US LLP. I am counsel for Petitioner Glencore Finance (Bermuda) Ltd. ("Glencore" or "Petitioner"). I make this declaration based on my personal knowledge, my review of the record of the underlying arbitration, and the exhibits attached to this declaration.

2. I respectfully submit this declaration in support of Petitioner's Petition to Recognize and Enforce a Foreign Arbitral Award (the "Petition"). The Petition seeks the recognition and enforcement of an arbitral award dated September 8, 2023 (the "Award"), rendered in favor of Glencore against the Plurinational State of Bolivia ("Bolivia" or "Respondent"). The underlying arbitration (the "Arbitration") was conducted under the Agreement between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the Republic of Bolivia for the Promotion and Protection of Investments, May 24, 1988, 1640 U.N.T.S. 3, extended to the British overseas territory of Bermuda on December 9, 1992 (the "Treaty") and the United Nations Commission on

International Trade Law Arbitration Rules, as revised in 2010 (the "UNCITRAL Rules"), and was administered by the Permanent Court of Arbitration (the "PCA"). The Arbitration was captioned *Glencore Finance (Bermuda) Ltd v. The Plurinational State of Bolivia*, PCA Case No. 2016-39, and resulted in the Award.

3. A true and correct copy of the authenticated original Award is attached to this Declaration as Exhibit A.[1]

4. A true and correct copy of the Treaty is attached to this Declaration as Exhibit B.

5. A true and correct copy of the UNCITRAL Rules is attached to this Declaration as Exhibit C.

6. The Arbitration arose out of Glencore's investment in four mining assets in Bolivia:

   a. the Colquiri Mine, which Glencore owned through its 100% shareholding in the Bolivian company Compañía Minera Colquiri S.A. ("Colquiri");

   b. the Vinto Tin Smelter, which Glencore owned through its 100% shareholding in the Bolivian company Complejo Metalúrgico Vinto S.A. ("Vinto");

   c. the Antimony Smelter, which Glencore owned through its 100% shareholding in Colquiri; and

   d. tin concentrates (the "Tin Stock") which Glencore owned through its 100% shareholding in Colquiri (together, the "Assets"). Ex. A (Award) ¶¶ 78–81, 100.

7. Glencore commenced the Arbitration by way of a Notice of Arbitration dated July 19, 2016. A true and correct copy of Glencore's Notice of Arbitration is attached to this

---

[1] The Award was rendered in both English and Spanish. Attached as Exhibit A is the English version of the Award.

Declaration as Exhibit D. In the Notice of Arbitration, Glencore accepted Bolivia's standing offer to arbitrate contained in Article 8 of the Treaty. *See* Ex. D (Notice of Arbitration) ¶¶ 1, 46–48; Ex. A (Award) ¶ 5.

8. In the Notice of Arbitration, Glencore alleged that, among other things, Bolivia had breached Article 5 of the Treaty by expropriating the Assets without due process of law and not paying just and effective compensation, promptly and without delay. *See* Ex. A (Award) ¶ 197. On August 18, 2016, Bolivia submitted its Response to the Notice of Arbitration. Ex. A (Award) ¶ 7.

9. On February 29, 2017, an arbitral tribunal (the "Tribunal") was constituted to preside over the Arbitration. The Tribunal consisted of Prof. John Y. Gotanda (appointed by Glencore), Prof. Philippe Sands (appointed by Bolivia), and Prof. Ricardo Ramírez Hernández (appointed as the presiding arbitrator by the Secretary-General of the PCA). *See id.* ¶¶ 8–11. The Arbitration was seated in Paris, France. *See id.* ¶ 15 (noting that the "place of arbitration" is "Paris, France").

10. Glencore and Bolivia both participated fully in the Arbitration, each submitting hundreds of pages of briefing and thousands of pages of exhibits and legal authorities. The parties engaged in a first round of briefing from August to December 2017, after which the Tribunal decided to divide the proceedings into two phases. *See id.* ¶¶ 17–21.

11. The Tribunal first considered Bolivia's objections to the Tribunal's jurisdiction and the merits of Glencore's claims. The parties submitted further briefing regarding these issues from June 2018 to January 2019, and the Tribunal held a hearing on these issues from May 20 to May 23, 2019. *See id.* ¶¶ 25–28, 32–34.

12. In the second phase of the proceedings, the Tribunal considered damages. Between July 2019 and June 2020, the parties submitted additional briefing on the amount of damages due to Glencore and the applicable rate of interest. The Tribunal held a hearing on damages and interest from March 28 to April 1, 2021. *See id.* ¶¶ 44, 56–65.

13. The parties submitted post-hearing submissions and statements of costs between November and December 2021. Ex. A (Award) ¶¶ 67–69.

14. On September 8, 2023, the Tribunal issued the Award. The Tribunal denied Bolivia's objections to the Tribunal's jurisdiction and, among other things, determined that Bolivia had expropriated the Assets in breach of Article 5 of the Treaty. *See id.* ¶¶ 197–236. In the Award, the Tribunal ordered Bolivia to pay Glencore damages, net of taxes, of $253,591,796 in compensation for Bolivia's breaches of the Treaty. *Id.* ¶ 564(f). Of this total amount:

   a. $235,800,000 was awarded for the Colquiri Mine;

   b. $15,970,000 was awarded for the Vinto Tin Smelter;

   c. $694,960 was awarded for the Antimony Smelter; and

   d. $1,126,836 was awarded for the Tin Stock. *Id.*

15. The Tribunal also ordered Bolivia to pay Glencore post-award simple interest from September 8, 2023, until the date of payment at the following fixed rates: 6.4% for the Colquiri Mine compensation, 8.6% for the Vinto Tin Smelter compensation, and 6.1% for the Antimony Smelter and the Tin Stock compensation. *Id.* ¶¶ 519, 564(g).

16. The Award is final and binding on the parties. *See* Ex. C (UNCITRAL Rules), art. 34(2) ("All awards . . . shall be final and binding on the parties."). On September 15, 2023, Glencore requested that Bolivia comply with its obligations under the Award and pay the compensation awarded. A true and correct copy of the letter communicating that demand (with

bank account details redacted) is attached to this Declaration as Exhibit E. As of October 11, 2023, the full value of the Award is $255,090,425. These amounts are composed of: (*i*) $253,591,796 in compensation for Bolivia's breaches of the Treaty, and (*ii*) $1,498,629 in post-award interest.

17. Bolivia has not paid Glencore any portion of the Award despite Glencore's request.

18. On October 6, 2023, Bolivia filed a request for correction of the Award under Article 38 of the UNCITRAL Rules, and Glencore filed a separate request for interpretation of aspects of the Award under Article 37 of the UNCITRAL Rules. As of October 11, 2023, the Tribunal has not ruled on either Bolivia's or Glencore's request.

19. No prior application for this or similar relief has been made to this District Court.

20. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2023　　　By:　/s/ *Thomas W Walsh*
　　　New York, New York
　　　　　　　　　　　　　　　　　　　Thomas W. Walsh (Pro Hac Vice pending)
　　　　　　　　　　　　　　　　　　　FRESHFIELDS BRUCKHAUS DERINGER US LLP
　　　　　　　　　　　　　　　　　　　601 Lexington Avenue, 31st Floor
　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　Telephone: (646) 668-5122
　　　　　　　　　　　　　　　　　　　thomas.walsh@freshfields.com

　　　　　　　　　　　　　　　　　　　*Attorney for Petitioner*