**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLENCORE FINANCE (BERMUDA) LTD., | |
| Plaintiff, | |
| v. | Case No. 23-cv-03031-CRC |
| PLURINATIONAL STATE OF BOLIVIA, | |
| Defendants. | |
| IAREPORTER, LLC, | |
| Proposed Intervenor. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**IAREPORTER'S MOTION TO INTERVENE AND UNSEAL**

IAReporter, LLC hereby moves to intervene in order to move to unseal an arbitration award against the country of Bolivia for $253 million (the "Award").

In this action, Glencore Finance (Bermuda) Ltd. ("Glencore"), has petitioned to enforce the Award against a nation for its unlawful failure to compensate Glencore following nationalization of Glencore's investments in Bolivia. This significant Award is of great public interest to the citizens of Bolivia, whose taxpayers must contribute to any payment to Glencore, and to U.S. citizens, who are entitled to transparency regarding proceedings in their courts. Moreover, much of this matter is already public, including the Award amount, and there appears to be no reason to seal the Award on the public docket.

Glencore asked to file the Award under seal, and on October 18, 2023, the Court provisionally granted Glencore's request, and directed it to "confer" with counsel for Bolivia "concerning the scope of any subsequent unsealing and to file a motion to unseal, with

Respondents consent or otherwise, within 14 days after counsel for Respondent enters an appearance in this case."  The resulting uncertainty and delay with respect to the Award's publication is at odds with the public's right to promptly access judicial records.

The First Amendment and common law presumptions of access to judicial records mandate that the Award be publicly filed in the first instance.  IAReporter therefore respectfully requests that the Award be published on the docket as promptly as possible (with minor redactions, if necessary and as supported by findings under the requisite standard).

## I.   BACKGROUND

According to its petition, Glencore commenced arbitration proceedings against Bolivia under the 2010 Arbitration Rules of the United Nations Commission On International Trade Law ("UNCITRAL Rules") in July 2016, following the nationalization of Glencore's mining assets in the country for which Glencore received no compensation, in violation of the "Agreement between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the Republic of Bolivia for the Promotion and Protection of Investments, May 24, 1988, 1640 U.N.T.S. 3."  Pet. to Recognize and Enforce a Foreign Arbitral Award ¶ 3 (ECF No. 1) (the "Petition").  On September 8, 2023, following a seven-year arbitration, the Tribunal ordered Bolivia "to pay Glencore more than $253 million in compensation for Bolivia's breaches of the Treaty."  *Id.* ¶ 4.  Glencore alleges it still has not been paid and now asks this Court to compel Bolivia to pay it the $253 million owed under the Award.  *Id.*

With its Petition, Glencore indicated it would submit the Award it seeks to enforce, but "under seal" *see* ECF No. 1-2, and it contemporaneously filed a sealed motion to seal, ECF No. 3.  On October 18, 2023, the Court provisionally granted Glencore's motion to seal, and directed it to "confer" with counsel for Bolivia "concerning the scope of any subsequent unsealing and to

file a motion to unseal, with Respondents consent or otherwise, within 14 days after counsel for Respondent enters an appearance in this case." *See* Oct. 18, 2023 Minute Order.

Although Glencore moved for sealing of the Award, many details about the arbitration proceedings and outcome are already public. For instance, at the outset, the Tribunal directed that "all submissions filed by the Parties" and the "Tribunal's decisions or procedural orders" must be made public online on the website of the Permanent Court of Arbitration ("PCA") with any necessary redactions, and "[a]wards may be made public with the consent of all Parties." *See* Procedural Order No. 1 at 7 ("Procedural Order No. 1"), *Glencore Finance (Bermuda) Limited v. Plurinational State of Bolivia*, PCA Case No. 2016-39, *available at* https://pca-cpa.org/en/cases/150/. Consistent with the Tribunal's directives, dozens of filings by the parties, as well as the Tribunal's procedural orders, are accessible online. *See Glencore Finance (Bermuda) Limited v. Plurinational State of Bolivia*, https://pca-cpa.org/en/cases/150/.

Both parties have also made the Award amount public: Glencore has disclosed it, as well as the Tribunal's basis for issuing the Award – Bolivia's "breaches of the Treaty" – in its Petition, and one day after the Tribunal issued its Award, Bolivia also disclosed that it had been ordered to pay $253,591,796 million. *See* Lisa Bohmer, *Glencore is awarded 254 million USD in UNCITRAL treaty arbitration against Bolivia*, IAReporter (Sept. 9, 2023), https://www.iareporter.com/articles/glencore-is-awarded-254-million-usd-in-uncitral-treaty-arbitration-against-bolivia/.

Moreover, the parties should already be discussing making the Award public, as the Tribunal also directed:

> If the parties cannot agree to the publication of an award, the Tribunal may prepare an executive summary of the proceedings. Before issuance of this document, the Tribunal will consult with the Parties. The Tribunal will remain constituted for the purpose of making any decision with respect to this paragraph.

Procedural Order No. 1 at 7.  The Award itself has not yet been made public, nor has the Tribunal issued an executive summary of the proceedings.

## II.      THE COURT SHOULD PERMIT IAREPORTER TO INTERVENE

The Federal Rules and controlling case law clearly support IAReporter's request to intervene in this matter to assert the public's right of access to sealed judicial records.  The Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  The D.C. Circuit has held that third parties, including news services like IAReporter, "may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order."  *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Indeed, the Supreme Court has held that "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from judicial proceedings.  *Globe Newspapers Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) (internal marks and citations omitted).  The Court therefore should permit IAReporter to intervene in this matter for the limited purpose of seeking access to the sealed Award.  *E.g., In re Application of Chodiev*, 2021 U.S. Dist. LEXIS 90103, at *10 (D.D.C. Mar. 23, 2021) (granting CNN leave to intervene for the purpose of challenging sealed court records).

## III.     THE COURT SHOULD GRANT ACCESS TO THE SEALED RECORDS

The First Amendment and common law rights of access to judicial records are "a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch."  *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017); *see also United States v. Hubbard*, 650 F.2d 293, 315 n.79 (D.C. Cir. 1980) (right of access to judicial records "is fundamental to a democratic state").

The Court has already acknowledged the Award should be made public, but has directed that Glencore wait for counsel for Bolivia to appear and provide input regarding potential redactions before the Award is unsealed.  The delay of uncertain duration in making *any* version of the Award public on the case docket is inconsistent with the constitutional and common law rights to access judicial records.

**A.      The Court Should Release The Award Under The Constitutional Right of Access.**

"The Supreme Court has sketched a two-stage process for resolving whether the First Amendment affords the public access to a particular judicial record or proceeding."  *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring).  "First the court must determine whether a qualified First Amendment right of public access exists.  If so, then . . . the record or proceeding may be closed only if closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (internal marks and citations omitted).[1]

Courts follow the "experience and logic" test to determine where the constitutional right of access entails a right to access records of a proceeding.  *Press-Enter. Co. v. Super. Ct.* ("*Press-Enterprise II*"), 478 U.S. 1, 9 (1986).  Under this test, the right of access attaches if "the place and process have historically been open to the press and general public" and if access "plays a significant positive role in the function of the particular process."  *Id*. at 8.  Applying this test, the constitutional right of access plainly attaches to the Award submitted as an exhibit to Glencore's Petition, which Glencore seeks to enforce.  *CNN, Inc. v. FBI*, 984 F.3d 114, 118

---

[1] Though the D.C. Circuit has "never *found* a qualified First Amendment right outside the criminal context," the court has "never categorically ruled it out either," and "many other circuits have concluded that such a right exists in civil and even administrative matters."  *Dhiab*, 852 F.3d at 1104 (Williams, J., concurring); *see also In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 10 (D.D.C. 2009) ("[t]he consensus of the Circuits is that there has been a history of public access to civil proceedings").

(D.C. Cir. 2021) ("[if] the goal in filing a document is to influence a judge's decisionmaking, the document is a judicial record"). Indeed, investor-state arbitration awards are often publicly filed in actions seeking to enforce them, despite agreements in arbitration to keep these awards confidential within the arbitration proceedings. *See, e.g.*, ECF No. 1-2, *NJSC Naftogaz of Ukraine et al. v. Russian Federation*, 23-cv-01828-JDB (D.D.C. June 22, 2023); ECF No. 2-1, *Kyrgyz Republic v. JSC Tashkent Mechanical Plant et al.*, 23-cv-02266-RDM (D.D.C. Aug. 7, 2023); *PAO Tatneft v. Ukraine*, 17-cv-00582-CKK (D.D.C. ); ECF No. 2-1, *Zhongshan Fucheng Industrial Investment Co. Ltd v. Federal Republic of Nigeria*, 22-cv-00170-BAH (D.D.C. Jan. 25, 2022); ECF No. 1-1, *JGC Holdings Corporation v. Kingdom of Spain*, 23-cv-02701-RC (D.D.C. Sept. 15, 2023); ECF No. 1-4, *Deutsche Telekom AG v. Republic of India*, 21-cv-01070-RJL (D.D.C. Apr. 19, 2021); ECF No. 1-4, *Etrak Insaat Taahhut Ve Ticaret Anonim Sirketi v. State of Libya*, 22-cv-00864-JMC (D.D.C. Mar. 30, 2022).

Where the constitutional right of access applies, the Court should make the judicial records public unless secrecy "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab*, 852 F.3d at 1102 (Williams, J., concurring). Here, Glencore has not articulated on the public record why sealing is essential to preserve any higher values. Nor are there any public findings that targeted redactions based on the arbitration documents that are already public on the PCA website would not sufficiently protect any such interest. *See In re New York Times Co.*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (because restrictions on First Amendment right of access must be narrowly tailored, courts must ask whether "the goal of protecting [higher values] can be accomplished by means less restrictive than prohibiting access . . . altogether"). Rather, the *opposite* is the case: the important terms of the Award – the basis and the amount – are already public, so there is no need for categorically sealing the Award. *See*

*Gubarev v. Buzzfeed, Inc*., 365 F. Supp. 3d 1250, 1257 (S.D. Fla. 2019) (when "information is or already has been out in the public domain, sealing is unwarranted").

To the extent Glencore asserts the Award cannot be made public because of the Tribunal's Procedural Order providing that an award will only be published with both parties' consent (and because either Glencore or Bolivia have not consented), the Award is now a judicial record subject to the *constitutional* right of access, which can only be overcome by a demonstrated need to protect a higher value.  *See Istithmar World PJSC v. Amato*, 2013 U.S. Dist. LEXIS 2205, *7 (S.D.N.Y. Jan. 7, 2013) ("once one side seeks judicial confirmation of an arbitral award, that petition as well as the underlying award become 'judicial documents' to which the common law right of access is presumed to attach"); *Doe, Inc. v. R*oe, 2021 U.S. Dist. LEXIS 156786, *9 (D.D.C. Apr. 28, 2021) (citing the same); *see also Grynberg v. BP P.L.C*., 205 F. Supp. 3d 1, 3 (D.D.C. 2016) ("Although confidentiality agreements between private parties may weigh against disclosure, they do not dictate whether documents can be filed under seal.").  Additionally, this Procedural Order provision must be read in conjunction with (i) its context, which refers to publication of arbitration documents *on the PCA website*, not in the context of enforcement proceedings, and (ii) the applicable 2010 UNCITRAL Arbitration Rules, which specifically provide in Article 34(5) that "[a]n award may be made public with the consent of all parties *or where and to the extent disclosure is required of a party by legal duty, to protect or pursue a legal right or in relation to legal proceedings before a court or other competent authority*" (emphasis added) – thus providing for an exception for enforcement proceedings like this.  Art. 34.5, UNCITRAL Arbitration Rules (rev. 2010), *available at* https://docs.pca-cpa.org/2016/01/UNCITRAL-2010-English.pdf.

The public interest in the Award mandates that it be made published on the docket without delay. The Award is a judicial ruling against a sovereign state, and its enforcement will necessarily entail the disbursement of monies that were ultimately paid by the Bolivian taxpayer. They have a strong interest in having access to the detailed reasoning of the arbitrators rather than the mere outcome of the dispute.  In addition, it is essential in any self-governing democracy to understand in detail how both public officials and foreign investors are acting and interacting, especially when this leads to a massive damages award against the state.  *See also EEOC*, 98 F.3d at 1409 ("A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions.").

Because the First Amendment access right applies to the Award, and there are no findings on the public record demonstrating that blanket withholding for any period of time is essential to preserving any higher values, the Court should unseal the Award.

**B.      The Court Should Release The Award Under The Common Law Right Of Access.**

The Court also should release the Award pursuant to the separate common law right of access.  "Although [this] right is not absolute, there is a strong presumption in its favor, which courts must weigh against any competing interests."  *Metlife*, 865 F.3d at 663.  Like the constitutional right of access, the common law right requires courts to conduct a two-stage analysis.  First, courts determine whether the records at issue are "judicial records" to which there is a "strong presumption" in favor of access.  *Id.* at 665-67.  If they are judicial records, courts then apply the six-factor test set out in *United States v. Hubbard* to determine whether the presumption of access has been rebutted.  650 F.2d 293, 317-21 (D.C. Cir. 1980).

The Award, filed as an exhibit with the Court, is plainly a "judicial record" to which the public has a presumptive right of access under the common law.  *See Doe, Inc.*, 2021 U.S. Dist.

LEXIS 156786, at *9.  Because the public has a presumptive right of access to the Award under the common law, the Court should release them unless the party seeking the sealing rebuts the strong presumption under *Hubbard* and *Metlife*.  Again, neither Glencore nor the Court have articulated on the record how these factors could outweigh the "strong presumption" of access to the Award, particularly where the related filings and key terms are already public.  *See In re Application of Chodiev,* 2021 U.S. Dist. LEXIS 90103, *27 (recommending unsealing briefs and exhibits in support of a motion as it "seems illogical to maintain the seal over these motions when the underlying filings will be unsealed"); *see also* Order at 2, *United States v. Rukstales,* No. 21-cr-41-CJN (D.D.C. Nov. 24, 2021), Dkt. 150 (granting a press application for access to certain judicial records where "[n]one of [the arguments against unsealing] overcome the presumption in favor of public access").  The Court should therefore grant IAReporter's motion for access to the Award pursuant to the common law as well.

## CONCLUSION

For the foregoing reasons, IAReporter respectfully requests that the Court (1) grant its motion to intervene, (2) order the Award unsealed and placed on the public docket, and (3) provide that any future motions to seal in this case be filed with sufficient notice to the public of the purported grounds under the First Amendment and common law.

## MEET AND CONFER CERTIFICATION

Counsel for IAReporter conferred with counsel for Glencore via email on October 20, 2023.  Glencore indicated it opposed this Motion.

Dated:  October 23, 2023          Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Lauren P. Russell*
Chad R. Bowman (#484150)
Lauren P. Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for IAReporter, LLC*