IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENCORE FINANCE (BERMUDA) LTD., <br><br> Petitioner, <br><br> v. <br><br> THE PLURINATIONAL STATE OF BOLIVIA, <br><br> Respondent. | Civil Action No. 23-cv-03031-CRC |

**SPECIALLY-APPEARING RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

Reginald Goeke (DC Bar No. 435613)
MAYER BROWN LLP
1999 K Street NW Washington, DC 20006
Tel: 202-263-3000
rgoeke@mayerbrown.com

John M. Conlon (*pro hac vice pending*)
Kevin B. Weehunt Jr. (*pro hac vice pending*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-506-2500
JConlon@mayerbrown.com
KWeehunt@mayerbrown.com

*Counsel for The Plurinational State of Bolivia*

## TABLE OF CONTENTS

                                                                                            **Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF RELEVANT FACTS ................................................................................... 2

      A.      The Underlying Arbitration ................................................................................. 2

      B.      Glencore's Attempted Enforcement of Arbitral Award ............................. 3

ARGUMENT ................................................................................................................................. 4

I.      THE PETITION SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5). ....................................................................................... 4

      A.      Legal Standards ................................................................................................... 5

      B.      Glencore Failed To Properly Serve Bolivia Under FSIA Section 1608(a)(2). ........................................................................................................... 7

      C.      Glencore's Failure To Properly Serve Bolivia Pursuant to Section 1608(a)(2) Prevents Glencore Invoking the Service Procedures Of Section 1608(a)(3). ....................................................................................... 9

II.     THE PETITION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ............................................................................... 10

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Azadeh v. Gov't of Islamic Republic of Iran*,
  318 F. Supp. 3d 90 (D.D.C. 2018) ..................................................................................9

*Barot v. Embassy of the Republic of Zambia*,
  785 F.3d 26 (D.C. Cir. 2015) ......................................................................................6, 9

*Coyne v. Coloplast Corp.*,
  2024 WL 4101822 (W.D. Tex. May 31, 2024) ..............................................................8

*Haim v. Islamic Republic of Iran*,
  902 F. Supp. 2d 71 (D.D.C. 2012) ..................................................................................6

*Hardy Expl. & Prod. (India), Inc. v. Gov't of India*,
  219 F. Supp. 3d 50 (D.D.C. 2016) ..................................................................................6

*Mechanics' Bank of Alexandria v. Seton*,
  26 U.S. 299 (1828) ..........................................................................................................8

*Mohammad Hilmi Nassif & Partners v. Republic of Iraq*,
  2020 WL 1444918 (D.D.C. Mar. 25, 2020) ..................................................................10

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
  484 U.S. 97 (1987) ..........................................................................................................5

*Prac. Concepts, Inc. v. Republic of Bolivia*,
  811 F.2d 1543 (D.C. Cir. 1987) ......................................................................................6

*Rubio v. D.C.*,
  2011 WL 2516175 (D.D.C. June 21, 2011) ....................................................................8

*Shapiro v. Republic of Bolivia*,
  930 F.2d 1013 (2d Cir. 1991) ........................................................................................10

*TMR Energy Ltd. v. State Prop. Fund of Ukraine*,
  411 F.3d 296 (D.C. Cir. 2005) ........................................................................................6

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
  30 F.3d 148 (D.C. Cir. 1994) ....................................................................................6, 10

**Statutes**

28 U.S.C. § 1330 ....................................................................................................2, 6, 10

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

28 U.S.C. § 1608 ............................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12 .............................................................................................................. *passim*

## PRELIMINARY STATEMENT

The Plurinational State of Bolivia ("Bolivia"), by and through its undersigned counsel, appears for the special and limited purpose to move this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2) for improper service and lack of personal jurisdiction, or in the alternative, quash all of Glencore Finance (Bermuda) Ltd.'s ("Glencore") attempts to effectuate service on Bolivia thus far, based on Glencore's failure to comply with the requirements of 28 U.S.C. § 1608(a)(2). Bolivia moves to dismiss Glencore's Petition to Enforce Arbitration Award [Dkt. 1] (the "Petition"), on two separate grounds.

*First*, the Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, or in the alternative, Bolivia respectfully requests the Court quash all of Glencore's attempts to effectuate service on Bolivia thus far, based on Glencore's failure to comply with the requirements of 28 U.S.C. § 1608(a)(2). As detailed below, Glencore failed to properly serve Bolivia under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a). Glencore claims that it attempted to serve Bolivia under Section 1608(a)(2) by following the procedures set forth by the Inter-American Convention on Letters Rogatory of the 1965 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and the Additional Protocol (together the "Inter-American Convention" or "IACAP"). Although Glencore has represented to this Court that it satisfied these requirements, Glencore's efforts were materially deficient and were specifically rejected by Bolivia's highest court. Rather than correct these deficiencies, however, Glencore instead petitioned this Court to permit service under Section 1608(a)(3). This is improper, and Glencore's failure to serve Bolivia in strict accordance with the Section 1608(a)(2) requirements precludes Glencore from serving Bolivia under Section 1608(a)(3), warranting dismissal of its Petition.

*Second*, the Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over Bolivia. Under Section 1330(b) of the FSIA, "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under [§ 1330(a)] where service has been made under section 1608 of this title." 28 U.S.C. § 1330(b). Because Glencore failed to serve Bolivia in strict accordance with the FSIA, the Court lacks personal jurisdiction over Bolivia and Glencore's Petition must be dismissed.

Accordingly, for the reasons discussed below, Bolivia respectfully requests that the Court dismiss Glencore's Petition.

## STATEMENT OF RELEVANT FACTS[1]

### A. The Underlying Arbitration

Glencore invested in four mining assets in Bolivia: (1) the Vinto Tin Smelter; (2) the Antimony Smelter; (3) tin concentrates stored at the Antimony Smelter (the "Tin Stock"); and (4) the Colquiri Mine. Petition. ¶ 2. Bolivia nationalized the Vinto Tin Smelter, the Antimony Smelter (and Tin Stock stored therein), and the Colquiri Mine under three Supreme Decrees issued on February 7, 2007, May 1, 2010, and June 20, 2012. *Id*. On July 19, 2016, Glencore commenced arbitration against Bolivia asserting several claims, including that Bolivia's nationalization of Glencore's assets violated the Agreement between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the Republic of Bolivia for the Promotion and Protection of Investments, May 24, 1988, 1640 U.N.T.S. 3, extended to the British overseas territory of Bermuda on December 9, 1992 (the "Treaty"). *See* Dkt. 1-1, Walsh Decl. ¶¶ 7-8; Dkt. 1-3, Walsh Decl. Ex. B (Treaty). *Id.*

---

[1] This statement of facts is taken from Glencore's Petition and its accompanying pleadings and exhibits. Bolivia accepts this recitation of facts as true for purposes of this motion only and in all respects reserves all of its rights, defenses and remedies.

The arbitration lasted seven years. On September 8, 2023, the arbitral tribunal (the "Tribunal") issued its award in favor of Glencore, ordering Bolivia to pay Glencore more than $253 million in compensation for Bolivia's alleged breaches of the Treaty (the "Award"). *See* Dkt. 1-2, Walsh Decl. Ex. A (Award) ¶ 564. The Tribunal also ordered Bolivia to pay post-award interest from the date of issuance of the Award, September 8, 2023, until the date of payment. *See id*.

### B.   Glencore's Attempted Enforcement of Arbitral Award

On October 11, 2023, one month after the Award was issued, Glencore commenced this action. Dkt. 1. Thereafter, Glencore amended its Petition (Dkt. 14), and on November 30, 2023, filed a Motion for Issuance of Letters Rogatory for Service pursuant to the Inter-American Convention. (Dkt. 18). This Court granted Glencore's motion on December 7, 2023 (Dkt. 19) and the Letters Rogatory were issued on December 8, 2023, addressed to "Ministerio de Relaciones Exteriores, Direccion General de Asuntos Juridicos, Plaza Murillo: Calle Junin Esquina Ingavi La Paz, Estado Plurinacional de Bolivia." Dkt. 20.

Glencore hired a process server, ABC Legal Services ("ABC Legal"), to serve the Letter Rogatory. ABC Legal purports to have dispatched service on January 30, 2024 via DHL package. Dkt. 27 ¶ 13. In addition, Glencore claims that it emailed "Ms. Claudia Ximena Barrionuevo Romero at the Ministry of Foreign Affairs" ("Ms. Barrionuevo") to request that the Bolivian Central Authority "initiate service of process on Bolivia under the [Inter-American Convention]." Dkt 27 at ¶¶ 12-15. As detailed below, Ms. Barrionuevo left the Ministry on or about August 31, 2022.

Upon arrival of the DHL package in Bolivia, Bolivian authorities were unable to discern the intended recipient of Glencore's Letter Rogatory, what action the materials pertained to, or otherwise how to proceed. Decl. of J. Conlon, Exhibit A**.** This confusion resulted from Glencore's

3

service package being improperly addressed under the IACAP, *i.e.*, by being addressed to the Director General of Legal Affairs rather than the Ministry of Foreign Affairs. *Id*. Thus, in accordance with established Bolivian legal procedures, Bolivia's Directorate-General of Legal Affairs sent Glencore's Letter Rogatory to the Supreme Court of Justice of Bolivia (the "Supreme Court"). *Id*. In an opinion issued on July 10, 2024, the Supreme Court identified deficiencies in the Letter Rogatory, and ordered the Letter Rogatory and accompanying materials be returned to the United States District Court for the District of Columbia "for the purpose of specifying the recipient of the notification." *Id.* The Supreme Court's order was addressed to ABC Legal. *Id***.** The following week, on July 18, 2024, Henry Baldelomar Chavez, Ambassador of the Embassy of Bolivia in Washington, D.C., wrote to ABC Legal to request the Order be "forward[ed] to the competent authorities of the United States of America." Decl. of J. Conlon, Exhibit B.

Rather than comply with the Ambassador's request and the Supreme Court's Order, Glencore filed a Notice as to Non-Execution of Service Pursuant to 28 U.S.C. § 1608(a)(2) and as to Request for Dispatch of Service Pursuant to 28 U.S.C. § 1608(a)(3) on April 21, 2025. Dkt. 27. Glencore's submissions did not address the Ambassador's request or the Supreme Court's Order.

## ARGUMENT

**I. THE PETITION SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5).**

Glencore purports to have served Bolivia pursuant to Section 1608(a)(3), after it was unable to effectuate service pursuant to section 1608(a)(2). However, Glencore failed to properly follow the FSIA's mandatory provisions governing service of process upon a foreign state and its attempt to short-circuit the statute's strict service requirements is ineffective as a matter of law. As such, dismissal of Glencore's petition for insufficient service, under Fed. R. Civ. P. 12(b)(5), is

warranted, or in the alternative, the Court should quash all of Glencore's attempts to effectuate service on Bolivia thus far.

### A. Legal Standards

Section 1608(a) of the FSIA sets forth the exclusive means of service of process on a foreign state. This statute reflects a hierarchy of mandatory alternative methods of service, specified in descending order. Section 1608(a) states:

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.
>
> As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

28 U.S.C. § 1608(a).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff &*

5

*Co., Ltd.*, 484 U.S. 97, 104 (1987). Under the FSIA, personal jurisdiction is proper only when "service has been made under § 1608." *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 299 (D.C. Cir. 2005). Indeed, "the FSIA authorizes the exercise of personal jurisdiction whenever subject matter jurisdiction exists under § 1330(a) and service of process has been made according to § 1608." *Prac. Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1549 n.11 (D.C. Cir. 1987).

As the petitioner-plaintiff, Glencore carries the burden to "demonstrate that the procedure employed to deliver the papers satisfies the requirement of the relevant portions of Rule 4." *Hardy Expl. & Prod. (India), Inc. v. Gov't of India*, 219 F. Supp. 3d 50, 56 (D.D.C. 2016) (citing *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012)). To meet this burden, Glencore must establish that it properly served Bolivia under section 1608(a)(2). The plain language of § 1608(a) makes clear that the "FSIA lists the methods…in descending order of preference;" a plaintiff "may only attempt service through the second method, for example, if service through the first method is unavailable or has proven unsuccessful." *Id.* at 68 (quoting *Doe v. State of Israel*, 400 F. Supp. 2d 86, 101 (D.D.C. 2005)); *see also Haim v. Islamic Republic of Iran*, 902 F. Supp. 2d 71, 73 (D.D.C. 2012). Moreover, "strict adherence to the terms of 1608(a) is required" because "leniency [] would disorder the statutory scheme." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) (quoting H.R. REP. No. 1487 at 24 reprinted in U.S.C.C.A.N. at 6623). As such, Glencore cannot carry its burden by establishing either substantial compliance with Section 1608(a) or actual notice of this action, and instead must strictly adhere to Section 1608(a)'s requirements. *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015); *see also Transaero,* 30 F.3d, at 154 (holding that neither substantial compliance, nor actual notice, sufficed under section 1608(a)).

**B.      Glencore Failed To Properly Serve Bolivia Under FSIA Section 1608(a)(2).**

As an initial matter, Glencore cannot and did not attempt to serve Bolivia pursuant to Section 1608(a)(1). Section 1608(a)(1) is available only if a "special arrangement for service between the plaintiff and the foreign state" exists. No such special arrangement is present here, and thus Section 1608(a)(1) is inapplicable.

Glencore claims that it satisfied the requirements of Section 1608(a)(2) by contracting with ABC Legal to serve the Letter Rogatory on Bolivia's Ministry of Foreign Affairs; and emailing Ms. Barrionuevo to request that the Bolivian Central Authority "initiate service of process on Bolivia under the" Inter-American Convention." Dkt 27 at ¶¶ 12-15. What Glencore does not address, however, is that it was on notice that its efforts were invalid and that Ms. Barrionuevo was not authorized to accept service.

As detailed above, Glencore failed to properly address the service package under the IACAP by addressing it to the Director of Legal Affairs rather than the Ministry of Foreign Affairs. In accordance with Bolivian legal procedures, the Ministry of Foreign Affairs sought guidance from the Supreme Court on how to proceed. Decl. of J. Conlon, Exhibit B. On July 10, 2024, the Supreme Court issued an Order via letter addressed to Glencore's process server, ABC Legal, in which it advised that the Letter Rogatory did not satisfy service requirements under the IACAP.[2] The Supreme Court then ordered that the Letter Rogatory be returned to this Court so that it could be corrected and served properly.

---

[2] The Inter-American Convention addressed situations where an authority lacks jurisdiction to execute a letter rogatory. More specifically, Article 11 directs the authority in the "State of destination," here Bolivia, to "forward the [service] documents and antecedents of the case to the authority of the State which has jurisdiction." As this matter is filed in the District Court of the District of Columbia, the "State which has jurisdiction" is the United States. Therefore, the Bolivian Court, acting under the Inter-American Convention, properly sent this matter back to the U.S. on the grounds stated.

Glencore did not advise this Court of the Supreme Court's decision in its Notice As To Non-Execution of Service Pursuant to 28 U.S.C. § 1608(a)(2), nor has Glencore taken any steps to resolve the deficiency identified by the Supreme Court. Moreover, to the extent Glencore was not on actual notice of the Supreme Court's Order, the Supreme Court's issuance of its Order by letter addressed to ABC Legal—Glencore's agent—establishes Glencore's constructive notice of the defects. *See Mechanics' Bank of Alexandria v. Seton*, 26 U.S. 299, 309 (1828) (" Notice to an agent is notice to his principal."); *Rubio v. D.C.*, 2011 WL 2516175, at *2 (D.D.C. June 21, 2011) ("notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal.") (citing Restatement 3d of Agency § 5.03); *see also Coyne v. Coloplast Corp.*, 2024 WL 4101822, at *6 (W.D. Tex. May 31, 2024) (holding that any error in service, regardless of notice to plaintiff, is imputed to plaintiff as the party requesting service). As such, Glencore failed to satisfy Section 1608(a)(2).

Likewise, and independent of the above, Glencore's arguments concerning its attempts to serve Bolivia by emailing an individual identified as Ms. Barrionuevo are meritless. Glencore asserts that it first attempted to contact Ms. Barrionuevo by email on February 6, 2024. This attempt, according to Glencore, was proper because Bolivia "listed the person to contact at the Ministry of Foreign Affairs as [Ms. Barrionuevo]." Dkt. 27 at ¶ 7. Further, Glencore affixed an "Organization of American States Form For Designation of Authorities" ("Designation Form") to its Notice As To Non-Execution of Service Pursuant to 28 U.S.C. § 1608(a)(2), purporting to show that Bolivia designated Ms. Barrionuevo as the proper "Person to Contact." *See* Dkt. 27-5. However, Glencore ignores that the Designation Form it relied on is dated February 1, 2021— three years *before* it first sought to serve Bolivia. In fact, on or about August 31, 2022, Ms. Barrionuevo left the Ministry of Foreign Affairs, and as such, emails sent to the old email address

8

of Ms. Barrionuevo were not received by the Ministry of Foreign Affairs. Decl. of J. Conlon, Exhibit C.

Accordingly, Glencore failed to properly serve Bolivia under Section 1608(a)(2), which precludes Glencore from attempting to serve Bolivia under Section 1608(a)(3).

### C. Glencore's Failure To Properly Serve Bolivia Pursuant to Section 1608(a)(2) Prevents Glencore Invoking the Service Procedures Of Section 1608(a)(3).

Glencore's failure to properly serve Bolivia pursuant to Section 1608(a)(2) and the IACAP precludes Glencore from serving Bolivia pursuant to Section 1608(a)(3). In strict adherence with the FSIA's "descending order of preference" of methods of service, a serving party is only permitted to move on to a subsequent method of service if, despite valid and proper attempts, service cannot be made under the preceding option. *See Azadeh v. Gov't of Islamic Republic of Iran*, 318 F. Supp. 3d 90, 100 (D.D.C. 2018). Indeed, Section 1608(a)(3) explicitly states that service pursuant thereto may only be attempted if service "cannot be made under paragraphs (1) or (2)." 28 U.S.C. § 1608(a)(3).

Here, the sole reason that Glencore was unable to serve Bolivia under Section 1608(a)(2) is because Glencore and its agent, ABC Legal, failed to satisfy the IACAP's service requirements by their failure to properly address the DHL package containing the Letter Rogatory. The Supreme Court advised ABC Legal of both the existence of these defects and how such defects could be corrected, yet Glencore took no efforts to make these corrections. Instead, Glencore seeks to bypass Section 1608(a)(2) entirely and render meaningless Section 1608(a)(3)'s usage of "if service cannot be made under paragraph (1) or (2)." 28 U.S.C. § 1608(a)(3). In so doing, Glencore likewise asks this Court to ignore numerous canons of statutory construction and to disregard the FSIA's mandate of strict adherence to service requirements. *See Barot*, 785 F.3d at 27.

Accordingly, Bolivia respectfully requests that the Court find that Glencore was not permitted to serve Bolivia under Section 1608(a)(3), and dismiss the Petition accordingly, or in the alternative, quash all of Glencore's attempts to effectuate service on Bolivia thus far.

## II. THE PETITION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Glencore's Petition should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The FSIA dictates the limited circumstances in which United States courts have personal jurisdiction over a foreign state. More specifically, "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) *where service has been made under section 1608 of this title.*" 28 U.S.C. § 1330(b) (emphasis added). Thus, personal jurisdiction under the FSIA exists only when there is subject matter jurisdiction *and* valid service of process. *See Transaero*, 30 F.3d at 151 (citing *Texas Trading & Milling Corp. v. Federal Republic of Nigeria*, 647 F.2d 300, 308 (2d Cir. 1981)); *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991).

Because Glencore failed to properly serve the summons and Petition pursuant to § 1608(a), the FSIA's personal jurisdiction requirements have not been met. The lack of personal jurisdiction over Bolivia independently requires the dismissal of the Petition pursuant to Fed. R. Civ. P. 12(b)(2).[3]

## CONCLUSION

For the reasons set out above, specially-appearing Respondent Bolivia respectfully requests that this Court find that Glencore did not properly serve Bolivia under Section 1608(a)(2),

---

[3] Dismissal, rather than permitting further attempts at service, is warranted when, among other reasons, the attempted service did not "come very close to satisfying the FSIA's requirements," and would result in prejudice to the defendant. *See Mohammad Hilmi Nassif & Partners v. Republic of Iraq*, 2020 WL 1444918, at *3 (D.D.C. Mar. 25, 2020) (Jackson, J.).

and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for improper service and lack of personal jurisdiction respectively. Alternatively, Bolivia respectfully requests that, to the extent the Court does not dismiss this action, the Court instead quash all of Glencore's attempts to effectuate service on Bolivia thus far based on Glencore's failure to comply with the requirements of 28 U.S.C. § 1608(a)(2).

Dated: July 7, 2025

Respectfully submitted,

*/s/ Reginald R. Goeke*
Reginald R. Goeke (DC Bar No. 435613)
MAYER BROWN LLP
1999 K Street NW Washington, DC 20006
Tel: 202-263-3000
rgoeke@mayerbrown.com

John M. Conlon (*pro hac vice pending*)
Kevin B. Weehunt Jr. (*pro hac vice pending*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-506-2500
JConlon@mayerbrown.com
KWeehunt@mayerbrown.com

*Counsel for The Plurinational State of Bolivia*

## CERTIFICATE OF SERVICE

    I, John M. Conlon, an attorney, hereby certify that on July 7, 2025, the foregoing Memorandum was served via ECF to all counsel of record.

Dated: July 7, 2025

                                            Respectfully Submitted,

                                            */s/ John M. Conlon*
                                            John M. Conlon (*pro hac vice pending*)
                                            MAYER BROWN LLP
                                            1221 Avenue of the Americas
                                            New York, New York 10020
                                            Tel: 212-506-2500
                                            JConlon@mayerbrown.com

                                            *Counsel for The Plurinational State of Bolivia*